# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MICHAEL HUDSON, #200955399**                                                  **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 1:09-cv-375-HSO-JMR**

**STATE OF MISSISSIPPI,**
**JACKSON COUNTY CIRCUIT COURT SYSTEM,**
**JUDGE KATHY KING JACKSON,**
**BRICE KERR AND ANTHONY LAWRENCE, III**                 **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, Michael Hudson, filed this Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee incarcerated in the Jackson County Adult Detention Center. The named Defendants are the State of Mississippi; Jackson County Circuit Court System; Judge Kathy King Jackson; Brice Kerr, Public Defender; and Anthony Lawrence, III, District Attorney.

Plaintiff states that he was arrested on May 26, 2008, and charged with burglary of a dwelling. Plaintiff claims that he has not been indicted or assigned an appointed attorney and asserts that he should be released from incarceration and the charges against him dropped. Therefore, Plaintiff is claiming his right to a speedy trial has been violated.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall

dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to the instant case. As discussed below, the Plaintiff's § 1983 action at this time fails to state a claim on which relief may be granted.

<u>Claims</u>

Initially, this Court must decide whether Plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)(citing *Cook v. Texas Dept. of Crim. Just. Planning Dep't.*, 37 F.3d 166, 168 (5th Cir. 1994)). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Id.* (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)). To the extent that Plaintiff is requesting to be released from custody and to have the charges against him dropped, Plaintiff must pursue this claim as a habeas corpus request. A pre-trial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). If Plaintiff's claims are proven and this

Court grants the requested relief, it could result in Plaintiff receiving an early release from custody. With this in mind, this Court has determined that Plaintiff must first pursue this cause by filing a petition for habeas corpus relief.

Although 28 U.S.C. § 2241 does not specifically state that exhaustion is required, the requirement that a petitioner must exhaust his available state remedies has been judicially created. *Id.* at 225. In order for a petitioner proceeding pursuant to § 2241 to exhaust his available state remedies, he would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court. Plaintiff fails to establish that he has met the exhaustion requirement to pursue a petition for habeas corpus relief in a § 2241 action. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Therefore, this Complaint will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

## Conclusion

As discussed above, Plaintiff's claim for a violation of his Sixth Amendment right to a speedy trial is not cognizable under 42 U.S.C. § 1983. Consequently, this Complaint will be dismissed for failure to state a claim upon which relief may be granted, with prejudice, under 28 U.S.C. § 1915 (e)(2)(B)(ii).

Three-strikes provision

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii)[1] it will counted as a "strike". If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 12th day of August, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[1] Title 28 Section 1915(g) states:

> "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."